IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SERGIO LARA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-158-KC |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Sergio Lara, state prisoner number 1996805, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed because it appears from his application that he fails to state a cognizable basis for federal habeas corpus relief.

**BACKGROUND AND PROCEDURAL HISTORY**

Lara is serving two concurrent nine-year sentences in the Texas Department of Criminal Justice (TDCJ) which were imposed after he was found guilty of aggravated robbery in case numbers 20140D05061 and 20140D05068 in the 384th District Court of El Paso County, Texas. *See* El Paso County Records Search, Register of Actions, https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx?CaseID=7197771 (last visited April 20, 2023). He is currently confined at the Ferguson Unit in Midway, Texas. *See* TDCJ, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=_06873288 (last visited April 20, 2023). His projected release date is October 8, 2023. *Id.*

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Lara complains that TDCJ erred when it processed his request to send $50.00 from his inmate trust fund account to a pen-pal service. Pet'r's Pet., ECF No. 1 at 4. He claims TDCJ improperly withdrew and sent $500.00 instead of the $50.00 he requested. He asks the Court to order TDCJ to replace the money taken from his account and award him $75,000 in damages. *Id.* at 7.

Lara makes a similar claim in a civil right complaint under 42 U.S.C. § 1983 now pending in the United States District Court in the Eastern District of Texas. *Lara v. Mail Room Ferguson Unit*, No. 9:23-CV-57, 2023 WL 2616094, at *1 (E.D. Tex. Mar. 23, 2023) ("Plaintiff complains that his request to send $50.00 to a pen-pal service was changed to $500.00 instead. Plaintiff brings this action against officials at the Ferguson Unit seeking the replacement of $500.00 in his prisoner trust fund account or $75,000.00 in damages.").

The Court also observes that Lara does not include the $5.00 filing fee with his petition. The Court will waive the fee in the interest of promptly disposing of Lara's petition.

**STANDARD OF REVIEW**

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

After screening a petition, a reviewing court must "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

"The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). A prisoner challenging the fact or duration of confinement should pursue a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973). A prisoner seeking damages resulting from illegal administrative procedures should pursue a civil rights complaint pursuant to 42 U.S.C. § 1983. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).

After screening Lara's petition, the Court notes that he seeks a refund of money taken from his inmate trust fund account and $75,000 in damages. It further notes that he does not challenge the fact or duration of his confinement. Consequently, it also finds that his claim is not properly brought pursuant to 28 U.S.C. §§ 2241, 2254.

## CERTIFICATE OF APPEALABILITY

The Court finds reasonable jurists could not debate the Court's reasoning for dismissing Lara's claims on procedural or substantive grounds—or find that his current issues deserve encouragement to proceed in a federal habeas court. *Miller El v. Cockrell*, 537 U.S. 322, 327

(2003) (citing *Slack*, 529 U.S. at 484). The Court will, therefore, not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court, after conducting a preliminary review, concludes that Lara has not stated a cognizable federal habeas claim. The Court further concludes that Lara is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that Lara's *pro se* petition for a writ of habeas corpus by a person in state custody (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a cognizable basis for federal habeas corpus relief.

**IT IS FURTHER ORDERED** that Lara is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 20th day of April, 2023.

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**